JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ROCIO HERRERA (CA Bar No. 237139)
rherrera@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
CHASE HOME FINANCE LLC and JAMIE DIMON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA RAMOS VILLALPANDO<br>Sramineus Homo, US Vessel<br><br>Libellant,<br><br>v.<br><br>CHASE HOME FINANCE LLC, Jamie Dimon, President, US Vessel, DOES, ROES, and MOES 1-100 et al, US Vessel sand<br><br>Libellees. | CASE NO.: C 07 5900 JL<br><br>JUDGE:   Hon. Chief Magistrate Judge James Larson<br><br>**CHASE HOME FINANCE LLC AND JAMIE DIMON'S NOTICE OF MOTION AND MOTION TO DISMISS PETITION FOR LIBEL OF REVIEW OF AN ADMINISTRATIVE JUDGMENT OR IN THE ALTERNATIVE, FOR MORE DEFINITE STATEMENT**<br><br>[FRCP 12(b)(6), (e)] |
| Hilda: Ramos Villalpando<br>Lien Holder of the Vessel, the Real Party in Interest, Lawful Man<br>**Injured Third Party Intervener/Petitioner/Libellant,**<br><br>v.<br><br>CHASE HOME FINANCE, Jamie Dimon President, U.S. Vessel, DOES, ROES and MOES 1-100 et al.<br>**US VESSELS INDIVIDUALLY AND SEVERALLY Third Party Defendants/Libellees** | DATE:   March 12, 2008<br>TIME:    9:30 a.m.<br>CTRM:   "F", 15th Floor<br><br>Action Filed: 11/21/07 |

1
MOTION TO DISMISS PETITION FOR LIBEL OF REVIEW

1048222.1

1   **PLEASE TAKE NOTICE** that on March 12, 2008 at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom "F", 15th Floor of the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California 94102, defendant Chase Home Finance LLC ("Chase") and Jamie Dimon, erroneously sued as a US vessel, ("Mr. Dimon," and collectively "Defendants"), will move the court to dismiss plaintiff Hilda Ramos Villalpando's Petition For Libel of Review of Administrative Judgment ("Plaintiff" or "Villalpando") pursuant to Rule 12(b)(6) of Federal Rules of Civil Procedure ("FRCP"). In the alternative, Defendants will move for an order for more definite statement under Rule 12(e) of FRCP.

Specifically, Chase will move the Court as follows:

1.   Plaintiff's entire Petition fails to state facts sufficient to constitute any claim for relief pursuant to FRCP 12(b)(6).

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file in this action, and such further oral and documentary evidence as may be presented at the hearing on this Motion.

DATED: January 31, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By   /s/ S. Christopher Yoo
JOHN M. SORICH
S. CHRISTOPHER YOO
ROCIO HERRERA
Attorneys for Defendants
CHASE HOME FINANCE LLC and JAMIE DIMON

## MEMORANDUM OF POINTS & AUTHORITIES

Defendants Chase Home Finance LLC, erroneously sued as Chase Home Finance ("Chase"), and Jamie Dimon, erroneously sued as a US vessel, ("Mr. Dimon," and collectively "Defendants") respectfully submits this Memorandum of Points and Authorities in support of their Motion to Dismiss Plaintiff Hilda Ramos Villalpando's ("Plaintiff") Petition for Libel of Review of An Administrative Judgment, without leave to amend, or in the alternative, for More Definite Statement.

### I.  SUMMARY OF ARGUMENT

Plaintiff's Petition for Libel of Review of an Administrative Judgment, appears to be a misnamed attempt to file a complaint. The entire "complaint," however, is fatally flawed, because the complaint is so vague and ambiguous that Chase and Mr. Dimon cannot reasonably be required to frame a responsive pleading and Plaintiff has failed to identify a single possible claim for relief against Defendants.

The purported "complaint" is titled "Petition for Libel of Review of an Administrative Judgment." The "complaint," however, fails to allege that any administrative judgment was entered against Chase or Mr. Dimon or Plaintiff. *See,* Petition.

In addition, Plaintiff identifies maritime, admiralty, the "Public Vessels Act," and the "law of the flag" as the basis for his "complaint." *See,* Petition, ¶¶ 10, 13, 14, 16, 17, 20. Admiralty and maritime jurisdiction generally involves wrongs occurring on <u>navigable waters</u>. *See, Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 773 (9th Cir. 1995). Plaintiff, however, has failed to identify any action by Chase or Mr. Dimon that may have taken place on navigable waters.[1] Therefore, such allegations have no merit and Defendants cannot be expected to respond.

Furthermore, the "complaint" is so vague and uncertain, in that Defendants are unable to determine what wrongdoings they have purportedly committed and must defend. There is no allegation that Mr. Dimon committed <u>any wrongdoing</u> in the entire "complaint." *See,* Petition. All

---

[1] Plaintiff does allege that he is a "vessel" and that Defendants are "vessels." *See,* Petition at ¶ 15. Such allegations are nonsensical. Blacks Law Dictionary defines a vessel as a ship, brig, sloop, or other craft used in navigation. *Blacks Law Dictionary*, Revised Fourth Edition (1968). It is any structure which is made to float upon the water, for purposes of commerce or war, whether impelled by wind, steam, or oars (citation omitted). *Id.*

allegations against Chase involve Chase's purported failure to respond within <u>three</u> days to a document purportedly mailed to Chase and titled "conditional acceptance of their claim upon submitting Proof of claim," and supporting documents, a document titled "notice of default an Certificate of Dishonor by Notorial Protest," and a document titled "Invoice and Notice for Demand and Settlement for Closing of the Escrow." *See*, Petition, p. 5-6, ¶ a-r.

Assuming that Plaintiff mailed the purported documents, no claim for damages can be asserted against Chase because Plaintiff has failed to identify any statute, or common law that Chase violated by failing to respond in <u>three</u> days. Moreover, there is no authority to support the possibly alleged proposition that a default judgment was could be entered against Chase without a court order. <u>The entire "complaint" is nonsensical.</u>

In short, Defendants cannot reasonably be required to frame a responsive pleading; therefore, Plaintiff has failed to state a single claim for relief and the entire "complaint" must be dismissed without leave to amend, or at a minimum, Plaintiff must provide a more definite statement.

## II. SUMMARY OF FACTS ALLEGED IN THE COMPLAINT

In essence, Plaintiff's allegations can be summarized as follows:

- That this case involves a "review of a foreign judgment" documents. Petition, p. 2 ¶ 1. No judgment has been identified in the Petition. *See,* Petition.
- That this case involves admiralty law, maritime law, the Public Vessels Act, and the law of the flag. *See*, Petition, p. 3-4, ¶¶ 10, 13-14, 17-21.
- In this action all parties are U.S. vessels and fit the legal definition of U.S. vessels. *See*, Petition, p. 4, ¶ 15.
- That Plaintiff exhausted his "administrative remedies" and served Chase with a "conditional acceptance of their claim upon submitting Proof of claim" and Chase failed to respond within <u>three</u> days. *See*, Petition, p. 5, ¶¶ a-g.
- Thereafter, Plaintiff mailed a "Notice of Fault – Opportunity to Cure" and Chase failed to respond within <u>three</u> days. *See*, Petition, p. 5-6, ¶¶ h-j.

- Plaintiff mailed a "Notice of Default and Certificate of Dishonor," an invoice, and a "Notice for demand and settlement for closing of the escrow" on October 23, 2007. Chase failed to respond to this correspondence. *See*, Petition, p. 6 ¶¶ k-o.

### III. THE STANDARD FOR A MOTION TO DISMISS

A motion to dismiss under FRCP Rule 12(b)(6) may be brought where a plaintiff fails to state a claim upon which relief can be granted. Under such a motion, although the court must assume the truth of all well-pleaded factual allegations, the court need not accept, as true or factual, any contentions, argument, or conclusions of law stated in the complaint. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a motion to dismiss for failure to state a claim, the court's review is generally limited to the contents of the complaint. *Campanelli v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).

A Rule 12(b)(6) dismissal is proper where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Department*, 901 F.3d 696, 699 (9th Cir. 1990).

### IV. PLAINTIFF'S "COMPLAINT" DOES NOT STATE ANY CAUSE OF ACTION AGAINST CHASE

"That a plaintiff is proceeding in pro per does not render the rules of the Court inapplicable." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (Pro per litigants must follow the same procedural rules as represented parties). "A person representing him or herself without an attorney is bound by the Federal Rules, as well as by all applicable local rules. Sanctions (including default or dismissal) may be imposed for failure to comply with local rules." United States District Court for the Northern District of California, local rule 3-9.

    A. **Plaintiff Has Failed to Comply with Federal Rule of Civil Procedure 8**

A pleading which sets forth a claim for relief shall contain:

(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, (2) a short and plain

statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for relief the pleader seeks." Federal Rules of Civil Procedure ("FRCP") 8(a).

Plaintiff fails to comply with any element of FRCP 8. Plaintiff fails to allege a short and plain statement on the grounds which the court's jurisdiction depends, that he is entitled to relief, or even what relief he is seeking. Although unclear, it appears that Plaintiff's basis for the "complaint" is maritime/admiralty law and that Chase failed to abide by an administrative judgment.[2] None of the allegations in the "complaint," however, indicate that Plaintiff may be entitled to relief under either theory against Chase. Furthermore, no allegations of any wrongdoing have been alleged against Mr. Dimon. In fact, it appears that he has been named as a defendant merely because he is the Chairman/CEO of JPMorgan Chase Bank. As such, Mr. Dimon must be dismissed from the "complaint." With respect to Chase, Chase cannot be liable to Plaintiff pursuant to admiralty law, or for the enforcement of any administrative judgment because no such judgment has been properly referenced or attached to the "complaint."

### 1. No Allegations Involving Maritime or Admiralty Law or the "Law of the Flag" Have Been Alleged

Plaintiff identifies maritime, admiralty, and the "law of the flag" as the basis for his "complaint." *See,* Petition, ¶¶ 10, 13-14, 17-21. The law of the flag is not a recognizable legal theory. As such, no claim for violation of the "law of the flag" can be asserted.

Furthermore, admiralty jurisdiction generally involves wrongs occurring on navigable waters. *See, Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 773 (9th Cir. 1995) (No admiralty jurisdiction over nonnavigable waters). Admiralty jurisdiction, however, can also exist where the tort has a "substantial relationship" with traditional maritime activity, such that it would have a "potentially disruptive impact on maritime commerce" or injury has been caused by a vessel on

---

[2] The Caption to the Petition, like the rest of the "complaint" also makes no sense, it names Chase and Mr. Dimon as "libellees." It further indicates that Plaintiff has filed this complaint as an intervener in an ongoing proceeding, but no such underlying proceeding exists.

navigable waters. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1997); United States Code ("USC") § 30101.

Plaintiff, however, has failed to identify any action by Chase or Mr. Dimon that may have taken place on navigable waters. Furthermore, the allegation that Plaintiff and Defendants are "vessels" is nonsense. *See,* Petition, p. 2 ¶ 15. A vessel under admiralty law is a ship, brig, sloop, or other craft used in navigation. *Blacks Law Dictionary*, Revised Fourth Edition (1968). It is any structure which is made to float upon the water, for purposes of commerce or war, whether impelled by wind, steam, or oars (citation omitted). *Id.*

Chase Home Finance is a limited liability company. It is not a vessel. Mr. Dimon is a person, not a vessel. Plaintiff is a person, not a vessel. Plaintiff's entire "complaint" fails to state any claim for relief against Chase or Mr. Dimon based on admiralty or maritime law, or the law of the flag.

### 2. No Prior Judgment Has Been Identified

The purported "complaint" is titled "Petition for Libel of Review of an Administrative Judgment." The "complaint," however, fails to allege that any administrative judgment was entered against Chase or Mr. Dimon or Plaintiff. *See,* Petition.

The only allegations against Chase are that Plaintiff exhausted his "administrative remedies" and served Chase with a "conditional acceptance of their claim upon submitting Proof of claim" and Chase failed to respond within <u>three</u> days. *See,* Petition, p. 5, ¶¶ a-g. Thereafter, Plaintiff mailed a "Notice of Fault – Opportunity to Cure" and Chase failed to respond within <u>three</u> days. *See,* Petition, p. 5-6, ¶¶ h-j. Plaintiff mailed a "Notice of Default and Certificate of Dishonor," an invoice, and a "Notice for demand and settlement for closing of the escrow" on October 23, 2007. Chase purportedly failed to respond to this correspondence. *See,* Petition, p. 6 ¶¶ k-p.

None of the allegations indicate that any administrative proceeding took place or than any judgment was entered against Chase or Mr. Dimon. *See,* Petition. Moreover, there is no authority to support the possibly alleged proposition that a default judgment was could be entered against Chase without a court order. Plaintiff has failed to identify any court proceeding in which a judgment could have entered. As such, no claim review of an administrative judgment can be asserted.

## V. THE COMPLAINT IS VAGUE AND UNCERTAIN, AND THEREFORE, PLAINTIFF MUST PROVIDE MORE DEFINITE STATEMENT UNDER RULE 12(e)

Rule 12(e) of FRCP states in relevant part:

> "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading."

See also, *Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. CA 1981); *Cellars v. Pacific Coast Packaging, Inc.*, 189 FRD 575, 578 (ND CA 1999). The complaint is vague and unintelligible with respect to identifying the applicable law that Chase or Mr. Dimon may have violated or what wrongdoings the Defendants may have committed.

As discussed above, no claim can be asserted against Chase or Mr. Dimon for violation of maritime/admiralty law. Admiralty jurisdiction generally involves wrongs occurring on navigable waters. *See, Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 773 (9th Cir. 1995) (No admiralty jurisdiction over nonnavigable waters). Plaintiff, however, has failed to identify any action by Chase or Mr. Dimon that may have taken place on navigable waters. Therefore, no claim for violation of admiralty or maritime law can be asserted.

In fact, any claim that Plaintiff and Defendants are "vessels" is nonsense. A vessel under admiralty law is a ship, brig, sloop, or other craft used in navigation. *Blacks Law Dictionary*, Revised Fourth Edition (1968). As discussed above, Chase is a limited liability company. It is not a vessel. Mr. Dimon is a person, not a vessel. Plaintiff is a person, not a vessel. Thus, Defendant's cannot be expect to understand what Plaintiff is trying to allege.

Similarly, no claim can be asserted against Chase or Mr. Dimon for having violated the "law of the flag." <u>The law of the flag is not a recognizable legal theory</u>. As such, no claim for violation of the "law of the flag" can be asserted.

Second, the "complaint" is vague and uncertain in that there are no factual allegations that any wrongdoing was committed by Defendants that they must defend. In fact, the "complaint" contains <u>no</u> allegations that Mr. Dimon committed <u>any wrongdoing</u> in the entire "complaint." *See*,

Petition. All allegations against Chase involve Chase's purported failure to respond within <u>three</u> days to a document purportedly mailed to Chase and titled "conditional acceptance of their claim upon submitting Proof of claim," a document titled "notice of fault – opportunity to cure," and a document titled "Notice for Demand and settlement for closing of escrow." *See*, Petition, p. 5-6, ¶ a-k. Assuming that Plaintiff mailed the purported documents, no claim for damages can be asserted against Chase because Plaintiff has failed to identify any statute, or common law that Chase violated by failing to respond in <u>three</u> days.

Even the relief sought by Plaintiff is unintelligible. Plaintiff purports to seek enforcement of an "Agreement/Contract," however, no agreement or contract has been alleged in the "complaint." *See*, Petition p. 7, ¶ A. Plaintiff has also failed to allege what "administrative findings" must be perfected in order to obtain relief because no administrative proceeding has been identified. *See*, Petition p. 7, ¶ B.

In short, Plaintiff's "complaint" is so vague and uncertain that it does do not provide Chase or Mr. Dimon with sufficient notice as to what claims are asserted against them, the wrongdoing they purportedly committed, or what relief Plaintiff is seeking. Therefore, at minimum, Plaintiff must be ordered to provide a more definite statement

## VI. CONCLUSION

For the foregoing reasons, Defendants respectfully requests that the Court dismiss the Complaint with prejudice. Or in the alternative, Plaintiff should be ordered to provide a more definite statement.

DATED: January 31, 2008          ADORNO YOSS ALVARADO & SMITH
                                 A Professional Corporation


                                 By:  /s/ S. Christopher Yoo
                                      JOHN M. SORICH
                                      S. CHRISTOPHER YOO
                                      ROCIO HERRERA
                                      Attorneys for Defendant
                                      CHASE HOME FINANCE LLC and JAMIE
                                      DIMON