1  jsorich@adorno.com
   S. CHRISTOPHER YOO (CA Bar No. 169442)
2  cyoo@adorno.com
   ROCIO HERRERA (CA Bar No. 237139)
3  rherrera@adorno.com
   ADORNO YOSS ALVARADO & SMITH
4  A Professional Corporation
   1 MacArthur Place, Suite 200
5  Santa Ana, California 92707
   Tel: (714) 852-6800
6  Fax: (714) 852-6899

7  Attorneys for Defendant
   CHASE HOME FINANCE LLC and JAMIE
8  DIMON

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA RAMOS VILLALPANDO<br>Sramineus Homo, US Vessel<br><br>Libellant,<br><br>v.<br><br>CHASE HOME FINANCE LLC, Jamie Dimon, President, US Vessel, DOES, ROES, and MOES 1-100 et al, US Vessel sand<br><br>Libellees. | CASE NO.: C 07 5900 JL<br><br>JUDGE:  Hon. Chief Magistrate Judge James Larson<br><br>**DECLARATION OF S. CHRISTOPHER YOO RE: FAILURE OF PLAINTIFF HILDA RAMOS VILLAPANDO TO PARTICIPATE IN ADR MEET AND CONFER UNDER LOCAL RULES** |
| Hilda: Ramos Villalpando<br>Lien Holder of the Vessel, the Real Party in Interest, Lawful Man<br>**Injured Third Party Intervener/Petitioner/**<br>Libellant,<br><br>v.<br><br>CHASE HOME FINANCE, Jamie Dimon President, U.S. Vessel, DOES, ROES and MOES 1-100 et al.<br>**US VESSELS<br>INDIVIDUALLY AND SEVERALLY**<br>**Third Party Defendants/Libellees** | **Action Filed:** 11/21/07 |

1
DECLARATION RE: PLAINTIFF'S FAILURE TO MEET AND CONFER

1048704.1

**DECLARATION OF S. CHRISTOPHER YOO**

I, S. Christopher Yoo, declare as follows:

1. I am a member of the law firm of Adorno Yoss Alvarado & Smith, a Professional Corporation, attorneys of record for defendants Chase Home Finance LLC, erroneously sued as Chase Home Finance ("Chase"), and Jamie Dimon, erroneously sued as a US vessel, ("Mr. Dimon," and collectively "Defendants") in the above-captioned action ("Action"). I have been duly admitted to practice law in the State of California, and the Northern District of California. If called as a witness in this Action, I am competent to testify of my own personal knowledge, to the best of my recollection, and as to matters which are public record of which judicial notice may be taken.

2. My office was not aware of the upcoming case management conference on February 27, 2008 and the requirement to meet and confer by no later than February 6, 2008 to prepare filing a joint case management conference and to discuss ADR options until we checked the PACER docket in mid January 2008.

3. Plaintiff Hilda Ramos Villapando ("Plaintiff" or "Villapando"), a pro se plaintiff, did not contact my office to arrange the meet and confer. Yesterday, on February 5, 2008, I sent a letter by overnight mail to Ms. Villapando requesting her to call my office to meet and confer as to the upcoming case management conference and ADR options.

4. Ms. Villapando has not called my office to engage in a meet confer to discuss the upcoming case management conference or the ADR options.

5. Because Ms. Villapando did not engage in the meet confer as to the ADR options, Defendants are unable to submit any joint stipulation as to any ADR options.

6. Moreover, Ms. Villapando's "complaint" is a nonsensical and incomprehensible. Ms. Villapando's complaint, entitled "Petition for Libel of Review of an Administrative Judgment," appears to be one of several identical pro se complaints filed in the Northern District, and notarized by "Luz-Maria Urzua." In this regard, Judge Marilyn Hall Patel has already summarily dismissed a lawsuit entitled, *Coombs v. Chase Home Finance LLC* et al, Case NO. 08-0232MHP. A true and correct copy of the Order Denying Forma Pauperis Filing and Dismissing Complaint in the Coombs action is attached hereto as Exhibit "A."

7. In this action, Defendants' motion to dismiss is set to be heard on March 12, 2008.

8. Because the lawsuit is nonsensical and incomprehensible, this case is not really amenable to an ADR mechanism.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration is executed on February 6, 2008 at Santa Ana, California

_____
S. CHRISTOPHER YOO

**EXHIBIT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLARENCE J. COOMBS,

    Plaintiff(s),

vs.

CHASE HOME FINANCE, et al.,

    Defendant(s).

Case No. 08-0232MHP

**ORDER DENYING IN FORMA PAUPERIS FILING AND DISMISSING COMPLAINT**

    Plaintiff attempts to invoke the admiralty jurisdiction of this court with his complaint which he titles "Petition for Libel Review of an Administrative Judgment" and denominating himself as *Sramineus Homo, US Vessel, Libellant*". His complaint is strewn with misused, nonexistent or curious words purportedly in English, Latin and bloated legalese.[1] Plaintiff quotes from or cites to all manner of cases ranging from theft and kidnap to asylum, admiralty and insurance, with a few citations to the Old Testament thrown in under a paragraph entitled "Law of the flag".

    What is clear from plaintiff's complaint is that nothing is clear. It is not a short and plain statement of his case. It is incomprehensible and nonsensical. The only thing in the complaint that makes any sense is a two-page document entitled "Mortgage Loan Statement". It is buried among the morass of allegations, statements and gibberish that fill the rest of the thirty plus pages.

    The district court may deny in forma pauperis status and dismiss a complaint sua sponte if federal subject matter jurisdiction is lacking or if the complaint is frivolous. See 28 U.S.C. §1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke

v. Williams, 490 U.S. 319, 325 (1989)(found to be superseded on other grounds by reason of adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory), see, e.g., Lopez v. G.A.Smith, 203 F.3d 1122, 1126 (9thCir.2000); Cruz v. Gomez, I/O, 202 F.3d 593, 596 (2dCir.2000).

Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

Furthermore, where the complaint alleges facts that are "clearly baseless", "fanciful", or "delusional" it may be dismissed as frivolous. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992)(also found superseded in that dismissal was within discretion of district court under section 1915(d)) and now, under section 1915(e)(2) dismissal is mandatory, see Cruz v. Gomez, 202 F.3d at 596. If the pro se plaintiff can cure the factual allegations in order to state a claim, the court may give him or her leave to do so. However, if repleading cannot cure the deficiencies the court may dismiss without leave to amend and even dismiss with prejudice. See Cato v. United States, 70 F.3d at 1106.

The court fails to see how plaintiff could state any claim that would amount to a plausible claim or one over which this court would have jurisdiction, but then it is impossible to tell from plaintiff's complaint. Certainly, there is nothing that appears from the papers that falls within the court's admiralty jurisdiction. Plaintiff cannot make himself and the defendant vessels just by calling them vessels. Therefore, the application to file in forma pauperis is DENIED and the complaint is DISMISSED.

IT IS SO ORDERED.

Date: January 17, 2008

MARILYN HALL PATEL
Judge, United States District Court
Northern District of California

# CERTIFICATE OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707.**

On February 6, 2008, I served the foregoing document described as **DECLARATION OF S. CHRISTOPHER YOO RE: FAILURE OF PLAINTIFF HILDA RAMOS VILLALPANDO TO PARTICIPATE IN ADR MEE AND CONFER UNDER LOCAL RULES** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 6, 2008, at Santa Ana, California.

/s/ Veronica Delgado
———————————————
Veronica Delgado

CERTIFICATE OF SERVICE

1048389.1

**SERVICE LIST**
**Hilda Ramos Villalpando v. Chase Home Finance LLC**
**USDC, Northern District Case No. CV07-5900 JL**

| | |
|---|---|
| Hilda Ramos Villalpando<br>920-922 Newgate Way<br>Dixon, CA 95620 | **Sramineus Homo, U.S. Vessel** |

CERTIFICATE OF SERVICE

1048389.1