jsorich@adorno.com
S. CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
ROCIO HERRERA (CA Bar No. 237139)
rherrera@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
CHASE HOME FINANCE LLC and JAMIE DIMON

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

HILDA RAMOS VILLALPANDO
Sramineus Homo, US Vessel

Libellant,

v.

CHASE HOME FINANCE LLC, Jamie Dimon, President, US Vessel, DOES, ROES, and MOES 1-100 et al, US Vessel sand

Libellees.

Hilda: Ramos Villalpando
Lien Holder of the Vessel, the Real Party in Interest, Lawful Man
**Injured Third Party Intervener/Petitioner/** Libellant,

v.

CHASE HOME FINANCE, Jamie Dimon President, U.S. Vessel, DOES, ROES and MOES 1-100 et al.

**US VESSELS**
**INDIVIDUALLY AND SEVERALLY**
**Third Party Defendants/Libellees**

**CASE NO.: C 07 5900 JL**

**JUDGE:** Hon. Chief Magistrate Judge James Larson

**UNILATERAL CASE MANAGEMENT STATEMENT OF DEFENDANTS CHASE HOME FINANCE LLC AND JAMIE DIMON**

[Local Rule 16-9]

**Action Filed:** 11/21/07



ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

Pursuant to Northern District of California Local Rule 16-9, defendants Chase Home Finance LLC, erroneously sued as Chase Home Finance ("Chase") and Jamie Dimon, erroneously sued as a US vessel, ("Mr. Dimon," and collectively "Defendants") respectfully submit the following unilateral case management conference statement, because plaintiff Plaintiff Hilda Ramos Villalpando ("Plaintiff" or "Villalpando") did not participate in the preparation of the case management conference statement.

**1. <u>Jurisdiction and Service</u>**

Defendants are unaware if there are any other defendants, and whether all parties have been served. Furthermore, as discussed in the Motion to Dismiss filed by Defendants, the basis of the Complaint appears to be admiralty and maritime law and alleges that Defendants are vessels. Admiralty and maritime jurisdiction generally involves wrongs occurring on navigable waters. *See, Seven Resorts, Inc. v. Cantlen* , 57 F.3d 771, 773 (9th Cir. 1995). Plaintiff, however, has failed to identify any action by Chase or Mr. Dimon that may have taken place on navigable waters. As such, the Complaint is wholly uncertain and Defendants are unable to determine aware if the Court has jurisdiction over this matter.

**2. <u>Facts:</u>**

Defendants are unaware of the factual basis of this complaint. As discussed in Defendants' motion to dismiss, the "complaint," titled "Petition for Libel of Review of an Administrative Judgment," fails to allege that any administrative judgment was entered against Chase or Mr. Dimon or Plaintiff. As such, Defendants are unaware of what factual issues must be litigated.

**3. <u>Legal Issues:</u>**

Defendants are unaware of the legal issues of this case. As discussed above, Plaintiff identifies maritime, admiralty, and the "law of the flag" as the basis for his "complaint." The law of the flag is not a recognizable legal theory. Admiralty and maritime jurisdiction generally involves wrongs occurring on navigable waters. *See, Seven Resorts, Inc. v. Cantlen* , 57 F.3d 771, 773 (9th Cir. 1995). Plaintiff, however, failed to identify any action by Chase or Mr. Dimon that may have taken place on navigable waters. As such, Defendants cannot identify the law at issue or the disputed points. On this basis, Defendants have brought a motion to dismiss, and the hearing on the



ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

motion to dismiss is set for March 12, 2008.

**4. Motions:**

Defendants filed a Motion to Dismiss and a Motion to Strike the "complaint" on or about January 31, 2008. The Motions will be heard on March 12, 2008. Defendants cannot anticipate any other motions may be necessary until Plaintiff provides a more definite statement of her complaint.

**5. Amendment of the Pleadings:**

Defendants filed a Motion to Dismiss and a Motion to Strike the "complaint" on or about January 31, 2008. Defendants anticipate that a clear complaint must be filed by Plaintiff before Defendants may determine what defenses must be raised. Currently, Defendants have been unable to determine what purported wrongful conduct they have committed.

**6. Evidence Preservation:**

Defendants are unaware of what issues have been presented in this case or what evidence it must preserve based on Plaintiff's complaint.

**7. Disclosures:**

Defendants have not made any disclosures as required by Federal Rule of Civil Procedure 26 because Defendants are unable to comprehend the issues presented in this case or what information must be disclosed. Until Defendants Motion to Dismiss is heard and Plaintiff provides an amended complaint, Defendants cannot respond to any allegations.

**8. Discovery:**

Defendants have not commenced any discovery. Discovery is premature until Defendants ascertain what wrongdoing Plaintiff alleges Defendants have committed.

**9. Class Action:**

Based on the Complaint, Defendants do not believe this is not a class action.

**10. Related Cases:**

Defendants are not aware of any related cases. However, Defendants are aware of at least three lawsuits that appear to be identical to this matter. They are: *Saabedra v. HSBC Mortgage Services, et al*, United States District Court, Northern District of California Case No. CV 080233 SI; *Coombs v. Chase Home Finance et al*, United States District Court, Northern District of California,



ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

Case No. 08-0232MHP; and *Villalpando v. Chase Home Finance et al*, United States District Court, Northern District of California, Case No. 08-0232MHP C 07 5900 JL.

**11. Relief:**

Defendants are unaware of what damages Plaintiff is seeking, except to the extent that Plaintiff requests punitive damages in the amount of $16,314,575.04.

**12. Settlement and ADR:**

Defendants state that the parties have not engaged in settlement discussions or planned for ADR. Plaintiff failed to "meet and confer" by February 6, 2008 as required by the order of the Court. Moreover, Plaintiff's "complaint" is a nonsensical and incomprehensible. Plaintiff's complaint, entitled "Petition for Libel of Review of an Administrative Judgment," appears to be one of several identical pro se complaints filed in the Northern District, and notarized by "Luz-Maria Urzua." This case is not amenable to mediation or ADR.

**13. Consent to Magistrate Judge for All purposes:**

Defendants consent to magistrate judge for all purposes.

**14. Other References:**

Defendants do not believe this case is suitable for binding arbitration, special mater, or judicial panel on multidistrict litigation.

**15. Narrowing of Issues:**

Defendants contend that this case is subject to a motion to dismiss and motion to strike, which are set for hearing on March 12, 2008.

**16. Expedited Schedule:**

As stated above, Defendants are unaware of the factual basis of this complaint. As discussed in Defendants' motion to dismiss, the "complaint," titled "Petition for Libel of Review of an Administrative Judgment," fails to allege that any administrative judgment was entered against Chase or Mr. Dimon or Plaintiff. As such, Defendants are unaware of what factual issues must be litigated. Therefore, it is uncertain whether this case can be litigated on an expedited schedule.

**17. Scheduling:**

Defendants contend that the "complaint" filed by Plaintiff is nonsensical. A motion to

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

dismiss and a motion to strike are pending on March 12, 2008. It is premature to schedule discovery and motion dates at this time, because the case is not at issue.

**18. Trial:**

As stated above, Defendants are unaware of the factual basis of this complaint. Defendants cannot determine if the matter would be subject to a jury trial. Defendants contend that Plaintiff has not demanded jury trial.

**19. Disclosure of Non-party Interested Entities or Persons**

Chase Home Finance is the successor by merger to Chase Manhattan Mortgage Corporation. Chase is a wholly owned subsidiary of Chase Home Finance Inc., which is a wholly owned subsidiary of JPMorgan Chase Bank, National Association, which is a wholly owned subsidiary of JPMorgan Chase & Co., a publicly traded corporation. No publicly held corporation owns ten percent (10%) or more of JPMorgan Chase & Co.'s stock as of present.

**19. Such Other Matters to Facilitate the Just, Speedy, and Inexpensive Disposition of This Matter**

Defendants have filed a motion to dismiss, and the motion should be granted without leave to amend.

DATED: February 20, 2008

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By:______________________
S. CHRISTOPHER YOO
ROCIO HERRERA
Attorneys for Defendants
CHASE HOME FINANCE LLC and JAMIE DIMON

**CERTIFICATE OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **ADORNO YOSS ALVARADO & SMITH, 1 MacArthur Place, Santa Ana, CA 92707**.

On February 20, 2008, I served the foregoing document described as **UNILATERAL CASE MANAGEMENT STATEMENT OF DEFENDANTS CHASE HOME FINANCE LLC AND JAMIE DIMON** on the interested parties in this action.

☒ by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

**SEE ATTACHED SERVICE LIST**

☒ **BY REGULAR MAIL:** I deposited such envelope in the mail at 1 MacArthur Place, Santa Ana, California. The envelope was mailed with postage thereon fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED.**

☐ **BY FACSIMILE MACHINE:** I Tele-Faxed a copy of the original document to the above facsimile numbers.

☐ **BY OVERNIGHT MAIL:** I deposited such documents at the Overnite Express or Federal Express Drop Box located at 1 MacArthur Place, Santa Ana, California 92707. The envelope was deposited with delivery fees thereon fully prepaid.

☐ **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☐ (State) I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on February 20, 2008, at Santa Ana, California.

/s/ Veronica Delgado

Veronica Delgado

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA

**SERVICE LIST**
**Hilda Ramos Villalpando v. Chase Home Finance LLC**
**USDC, Northern District Case No. CV07-5900 JL**

Hilda Ramos Villalpando
920-922 Newgate Way
Dixon, CA 95620

**Sramineus Homo, U.S. Vessel**

ADORNO YOSS ALVARADO & SMITH
ATTORNEYS AT LAW
SANTA ANA