UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CLARENCE J. COOMBS,

    Plaintiff(s),

vs.

CHASE HOME FINANCE, et al.,

    Defendant(s).

Case No. 08-0232MHP

**ORDER DENYING IN FORMA PAUPERIS FILING AND DISMISSING COMPLAINT**

    Plaintiff attempts to invoke the admiralty jurisdiction of this court with his complaint which he titles "Petition for Libel Review of an Administrative Judgment" and denominating himself as *Sramineus Homo, US Vessel, Libellant*". His complaint is strewn with misused, nonexistent or curious words purportedly in English, Latin and bloated legalese.[1] Plaintiff quotes from or cites to all manner of cases ranging from theft and kidnap to asylum, admiralty and insurance, with a few citations to the Old Testament thrown in under a paragraph entitled "Law of the flag".

    What is clear from plaintiff's complaint is that nothing is clear. It is not a short and plain statement of his case. It is incomprehensible and nonsensical. The only thing in the complaint that makes any sense is a two-page document entitled "Mortgage Loan Statement". It is buried among the morass of allegations, statements and gibberish that fill the rest of the thirty plus pages.

    The district court may deny in forma pauperis status and dismiss a complaint sua sponte if federal subject matter jurisdiction is lacking or if the complaint is frivolous. See 28 U.S.C. §1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke

1  v. Williams, 490 U.S. 319, 325 (1989)(found to be superseded on other grounds by reason of
2  adoption of section 1915(e) which makes dismissal for failure to state a claim mandatory), see, e.g.,
3  Lopez v. G.A.Smith, 203 F.3d 1122, 1126 (9thCir.2000); Cruz v. Gomez, I/O, 202 F.3d 593, 596
4  (2dCir.2000).

5      Where a complaint fails to state "any constitutional or statutory right that was violated, nor
6  asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" under
7  Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss
8  the complaint under section 1915(d). Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

9      Furthermore, where the complaint alleges facts that are "clearly baseless", "fanciful", or
10 "delusional" it may be dismissed as frivolous. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728,
11 1733 (1992)(also found superseded in that dismissal was within discretion of district court under
12 section 1915(d)) and now, under section 1915(e)(2) dismissal is mandatory, see Cruz v. Gomez, 202
13 F.3d at 596. If the pro se plaintiff can cure the factual allegations in order to state a claim, the court
14 may give him or her leave to do so. However, if repleading cannot cure the deficiencies the court
15 may dismiss without leave to amend and even dismiss with prejudice. See Cato v. United States, 70
16 F.3d at 1106.

17     The court fails to see how plaintiff could state any claim that would amount to a plausible
18 claim or one over which this court would have jurisdiction, but then it is impossible to tell from
19 plaintiff's complaint. Certainly, there is nothing that appears from the papers that falls within the
20 court's admiralty jurisdiction. Plaintiff cannot make himself and the defendant vessels just by
21 calling them vessels. Therefore, the application to file in forma pauperis is DENIED and the
22 complaint is DISMISSED.

24     IT IS SO ORDERED.

26 Date: January 17, 2008

MARILYN HALL PATEL
Judge, United States District Court
Northern District of California

**ENDNOTES**

1. For example, in the caption plaintiff refers to himself as "Sramineus Homo". There is no such word as "sramineus" in Latin; there is a word "stramineus" which appears later in the complaint. "Stramineus" means "straw" and would render him a "straw man". That term, of course, refers to an idea or argument that has no substance, but is set up so that it can be easily knocked down. So, either plaintiff misunderstands the meaning of the term or perhaps he has a sense of humor.